McEWEN v. TOTTEN.

(Circuit Court of Appeals, Fifth Circuit. November 10, 1908.)

No. 1,865.

BANKRUPTCY (§ 140*) — PROPERTY PASSING TO TRUSTEE — CONTRACT — SALE OR LEASE.

A corporation at the time of its bankruptcy had in its possession a steam shovel, which it had obtained under a written contract by which claimant, who was the owner, agreed to lease it to the bankrupt at a monthly rental for eight months, at the end of which time the bankrupt agreed to buy it at a stated price. When the time expired nothing was done, but the bankrupt continued to pay the rental, and claimant paid the taxes on the shovel for the next year. *Held*, that the contract was one of lease, and not of sale, and that claimant was entitled to reclaim the property from the bankrupt's trustee.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Georgia, in Bankruptcy.

John T. Norris, for petitioner.

Watt H. Milner, for respondent.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. Prior to bankruptcy the Southern Iron Company came into possession of a certain steam shovel under the following agreement:

"Cincinnati, Ohio, April 20, 1896.

"Southern Iron Company, Cartersville, Ga.—Gentlemen: I hereby agree to rent to you Little Giant Steam Shovel No. 472, now en route to Cartersville, Ga., at $100 per month, payable on the 1st day of each month. Such rental period to be for a period of eight months, beginning May 1, 1906, with the understanding that such shovel is to be kept in proper order and working condition, less fair wear and tear. It is agreed that on or before January 1, 1907, you are to purchase said shovel and pay therefor in cash the sum of $2,100 plus the freight on the shovel from Menton, Pa., to Cartersville, Ga. It is understood and agreed that, in the event of the swinging engine breaking down and a new set of engines are required, I will furnish the new engines, one-half of the cost of which is to be refunded to me January 1, 1907.

"[Signed]    W. H. D. Totten, Jr.,
"Southern Iron Company,
"By W. M. Kelly."

After the bankruptcy the trustee, although the shovel was not listed by him as property of the bankrupt, kept possession of the same, and W. H. D. Totten, Jr., intervened, claiming the shovel as owner. The referee reported in favor of the trustee, and on a petition for review the District Judge ruled as follows:

"The steam shovel was delivered by Totten to the Southern Iron Company, and was used by the company. On January 1, 1907, nothing appears to have been said between the parties as to the purchase and nothing occurred. The shovel continued in the possession of the Southern Iron Company, and they continued to pay the rent, $100 per month, for several months. The intervener paid the taxes on the shovel for the year 1907. I do not think the title passed from Totten to the Southern Iron Company by the execution of the agreement set out above. In my judgment this agreement, properly con-

strued, means that the shovel was leased to the Southern Iron Company for eight months, namely, from May 1, 1906, to January 1, 1907; that the Southern Iron Company had the right on January 1, 1907, to purchase the shovel by paying $2,100 cash for the same, plus the freight referred to in the agreement. This right it failed to exercise. The fact that the company continued to pay the rent of $100 per month after January 1, 1907, and the further fact of the payment of the taxes by Totten, indicates to my mind beyond question that no title passed. This was the construction which the facts would indicate that the parties themselves placed on the agreement. If the evidence of the witnesses introduced can be properly considered, it would strengthen this view of the matter, as they all appear to agree that their understanding was that the shovel remained the property of Totten, the intervener. I am compelled, therefore, to disagree with the view taken by the referee, and an order may be entered that the shovel be returned by the trustee in bankruptcy to the intervener."

This is a petition to review the ruling of the District Judge, and the question in matter of law presented is whether or not the agreement in question was a contract of sale, which transferred title to the property. From our examination, in the light of the undisputed evidence as to the construction the parties themselves gave to the agreement, we are of opinion that the said agreement was not a contract of sale, which transferred title to the Southern Iron Company, and we fully concur in the reasoning and ruling of the judge a quo, and the petition for revision is therefore denied.